UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

In re:   George Ward                                              Case No: 15-10626-AJC
         Marjorie Ward                                            Chapter 7
                 Debtors          /

**DEBTORS' MOTION TO COMPEL CREDITOR, METRO FORD, INC., TO RETURN 2013 FORD EXPLORER, FOR ACTUAL DAMAGES, SANCTIONS AND ATTORNEY'S FEES, FOR WILLFUL VIOLATION OF 11 U.S.C. § 362, AND TO HOLD CREDITOR IN CONTEMPT OF COURT**

**COME NOW** the Debtors, George and Marjorie Ward, by and through their undersigned attorney, and moves this Court for an Order to Compel Creditor, Metro Ford, Inc., to Return the 2013 Ford Explorer, and to Award Actual Damages, Sanctions and Attorney's Fees, for Willful Violation of 11 U.S.C. §362, and to Hold Creditor in Contempt of Court and would state as follows:

1. On January 13, 2015, the Debtors filed for Chapter 7 bankruptcy and the Automatic Stay Order was entered.

2. On January 9, 2015, Metro Ford, Inc. (herein "Metro"), sold a 2013 Ford Explorer VIN#1FM5K7D8XDGA57887 (herein "2013 Ford") to the Debtors.

3. Pursuant to the sales contract (Exhibit "A"), the Debtors traded in a 2003 Ford Explorer for a trade-in credit of $2,542.04 and $1,500.00 cash payment (see Exhibit "A"; Itemization Line 2).

4. Thereafter, Metro requested financing from other lenders.

5. On or about January 17, 2015, Metro was notified by these lenders that the Debtors had filed for bankruptcy and that the lenders declined to provide financing.

6. After knowledge of the bankruptcy, Metro's representatives then called the Debtors a total of thirty-three (33) times at which point the Debtors also informed Metro that they had filed for bankruptcy (Exhibit "B"; Call Log).[1]

7. Additionally, Metro's representative identified as "Roque" left five (5) messages on Mrs. Ward's voicemail inbox urging her to come back in and renegotiate the contract.

8. On February 5, 2015, Ms. Roque threatened Mrs. Ward that if Mrs. Ward did not come in that same day "and make a miracle happen, … [Metro was] going to absolutely without a doubt 100% going to come get the truck" (Exhibit "C"; Voicemails).

9. After knowledge of the bankruptcy, Metro repossessed the car from the Debtors' residence on or about February 16, 2015 around 3:00 PM – 4:00PM.

10. Debtors' § 341 Meeting of Creditors was set two days *after* repossession on February 18, 2015.

11. No motion for relief from stay was filed.

12. The Debtors' petition was filed as an emergency petition because home loan modification talks with the lender fell through and Debtors had a pending sale date on their homestead.

13. On April 3, 2015, the Debtors' listed Metro as a creditor on their Amended Schedule D [ECF #29] and retained the 2013 Ford by reaffirming or redeeming said vehicle as well as claiming the vehicle as exempt on their Amended Statement of Intention [ECF #31].

14. On April 1, 2015, undersigned counsel sent regular and certified mail to Metro's President and Directors informing of the violation of the automatic stay and to return the 2013 Ford within 24 hours.

---

[1] Mr. Ward was contacted a total of twenty-six (21) times post-petition and Mrs. Ward was contacted a total of twelve (12) times post-petition.

15. As of the date of this Motion, Metro has not responded to the undersigned's letter.

16. After the above events transpired, the undersigned was left no choice but to file the instant Motion.

17. Whether or not Metro had written notice, actual, or no notice of the filing of the Chapter 7 proceeding, the repossession of the 2013 Ford is a willful violation of the automatic stay and Metro must return said vehicle.

18. The Debtors are seeking damages against Metro for Metro's continuous and willful violation of the automatic stay for the actions of Metro after Metro had actual knowledge of the bankruptcy filing.

19. Since being notified by other creditors and by the Debtors of the filing of the bankruptcy, Metro has subjected the Debtors to various instances of harassment in an attempt to repossess the 2013 Ford and collect monies owed to the Creditor with thirty-three (33) phone calls including five voicemails to Mr. And Mrs. Ward.

20. Furthermore, the Debtors are now deprived of the use of their trade-in vehicle worth $2,542.04, their down payment of $1,500, and the use of their current vehicle, the 2013 Ford.

21. The Debtors request that this court compel Metro to return the 2013 Ford immediately, or otherwise hold Metro in contempt of court.

22. Furthermore, the Debtors request that this court award the amount of $1,500.00 in attorney's fees incurred for the filing and prosecution of this Motion.

23. In addition, the Debtors request that this court award actual damages (if incurred) and monetary punitive damages to the Debtors in the amount of $5,000.00 as a deterrent to Metro from engaging in this type of similar future conduct.

**WHEREFORE**, the Debtors pray that this court compel Metro to return the 2013 Ford Explorer immediately, award attorney's fees, damages and sanctions against Metro, and grant the Debtors further relief as appears just and proper.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1.

        Respectfully Submitted:
        **ROBERT SANCHEZ, P.A.**
        Attorney for Debtor
        355 W 49th Street
        Hialeah, FL 33013
        Tel. (305) 687-8008

        By:/s/Robert Sanchez_____
            Robert Sanchez, Esq., FBN#0442161